# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BERNARD BOYD,**

       **Petitioner,**

**v.**                                               **Civil Action No. 1:08cv96**
                                                      **(Judge Keeley)**

**JOE DRIVER, Warden,**

       **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On March 27, 2008, the *pro se* petitioner initiated this case by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. In the petition, the petitioner challenges the calculation of his sentence by the Bureau of Prisons ("BOP").

On April 2, 2008, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not warranted at that time. Therefore, the respondent was directed to show cause why the petition should not be granted. A review of the file shows that the respondent has filed a Motion to Dismiss and Memorandum in Support.

On May 13, 2008, the Court issued a <u>Roseboro</u> Notice in which the petitioner was advised of his right to file a response to the respondent's motion. The petitioner filed a response on June 9, 2008, and a supplement to that response on June 10, 2008.

Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL P 83.09, <u>et</u> <u>seq</u>.

## II.  Contentions of the Parties

### A.  The Petition

In the petition, the petitioner asserts that the BOP has improperly calculated his sentence. In support of this claim, the petitioner asserts that he received an 18-month sentence from the United States District Court from the Eastern District of Virginia on August 4, 1995.  The petitioner asserts that the BOP has improperly determined that this sentence runs consecutive to other sentences he is serving, thereby improperly increasing the length of his sentence.  The petitioner asserts that the Judgment and Commitment Order for his August 4, 1995 sentence is ambiguous and should therefore his 18-month sentence should be run concurrent to his other sentences.

### B.  The Respondent's Motion

In his motion, the respondent asserts that the petition should be dismissed for two reasons:

(1) the failure to exhaust administrative remedies; and

(2) because the BOP has properly computed the petitioner's sentence.

In support of these claims, the respondent first argues that the petitioner has not made any attempt to resolve this issue through the BOP's administrative remedy process.  Therefore, the respondent seeks the dismissal of this case for the failure to exhaust.

Second, in support of his claim that the petitioner's sentence is properly computed, the respondent asserts the following undisputed procedural history with respect to the calculation of the petitioner's sentence.

(1) The petitioner was initially sentenced in the Superior Court of the District of Columbia to a 2 to 6 year prison term for Assault with a Dangerous Weapon.  Resp't Ex. 1, Att. A.

(2) On September 24, 1994, the petitioner was convicted of two counts of Armed Robbery,

2

again in the Superior Court for the District of Columbia. The petitioner was subsequently sentenced to 5 to 15 years in prison on each count, to run concurrent to each other. At the same time, the petitioner was convicted of Possession of a Firearm During a Crime of Violence and sentenced to an additional 5 to 15 year prison term, to run consecutive to his sentences for armed robbery. Accordingly, the petitioner received an aggregate sentence of 10 to 30 years. Id at Att. B. Joined with the petitioner's 1992 conviction, the BOP has calculated the petitioner's total sentence at 12 to 36 years. Id at Att. C.

Subsequently, the petitioner was sentenced on August 4, 1995, to 18 months imprisonment by the Eastern District of Virginia for Prisoner Possession of a Shank. Id. at Att. E. The petitioner's Judgment and Commitment Order ("J&C") in that case states that the 18-month sentence is to run consecutive to "any sentence now being served or heretofore imposed." Id. at page 2. Accordingly, the BOP has calculated the petitioner's 18-month sentence as running consecutive to the petitioner's the entire aggregate D.C. term, or consecutive to his 36-year term.

Based on this procedural background, the respondent, and the Court, understands the petitioner's claim to be that because he was only *serving* his first 5 to 15 year term at the time of his 1995 Eastern District of Virginia sentence, that his 18-month sentence may only run consecutive to that sentence. In support of this claim, the petitioner asserts that because the 1995 District Court J&C states that his 18-month sentence is consecutive "to any sentence now being served . . ." that sentence is ambiguous and should be run concurrent to his second 5 to 15 year sentence.

However, the respondent argues that the petitioner's J&C is not ambiguous and the BOP has properly calculated his sentence. Moreover, to the extent that there is any ambiguity, the respondent argues that the BOP has properly calculated the petitioner's sentence under the applicable statutory

authority, and pursuant to the pertinent caselaw and BOP policy.

**C. The Petitioner's Reply**

In his reply, the petitioner asserts that his petitioner should not be dismissed for the failure to exhaust because exhaustion would be futile. Additionally, the petitioner reiterates his contention that his sentence has been improperly calculated and that his J&C is ambiguous.

## III. Analysis

**A. Exhaustion of Administrative Remedies**

Federal inmates are generally required to exhaust their administrative remedies prior to filing a § 2241 petition. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996). However, to the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are judicially imposed. It follows then, that a Court has the discretion to waive the exhaustion requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006).

Here, it is not disputed that the petitioner failed to exhaust his administrative remedies before filing suit. However, the undersigned has reviewed the merits of the petitioner's claims and has determined that the petition should be denied and dismissed with prejudice for reasons more fully explained herein. Therefore, in the interests of judicial economy, it is recommended that the exhaustion requirement be waived and this case proceed to a determination on the merits.

**B. Merits of the Petitioner's Claims**

In light of the specific language contained in the J&C of the Eastern District of Virginia, it is quite clear the BOP has properly calculated the petitioner's sentence. Moreover, there is

absolutely nothing ambiguous about the J&C in question. Had the Eastern District of Virginia merely said that the sentence was consecutive to "any sentence currently being served," it is possible that the Order could be considered ambiguous. However, the petitioner conveniently forgets that the Court also directed that the sentence is consecutive to "any sentence heretofore imposed." At the time of his 1995 sentencing in the Eastern District of Virginia, the petitioner may have only been *serving* his first 5 to 15 year sentence, but both sentences had already been *imposed*. Clearly then, the Court intended for the 18-month sentence to run consecutive to both of the petitioner's 5 to 15 year terms. Accordingly, the petitioner's claims are untenable in light of the clear and specific language of the J&C of the Eastern District of Virginia. Hence, the petitioner is not entitled to relief.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Motion to Dismiss (dckt. 9) be **GRANTED** and the petitioner's § 2241 petition (dckt. 1) be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro*

*se* petitioner by certified mail, return receipt requested, to his last known address on the docket, and

to counsel of record via electronic means.

      DATED: December 22, 2008.

                                                *John S. Kaull*
                                                JOHN S. KAULL
                                                UNITED STATES MAGISTRATE JUDGE