```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**BERNARD BOYD,**

    **Petitioner,**

**v.**                          **CIVIL ACTION NO. 1:08CV96**
                                              (Judge Keeley)

**JOE DRIVER, Warden,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 27, 2008, the pro se petitioner, Bernard Boyd ("Boyd"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") is incorrectly calculating his sentence as a consecutive sentence. Specifically, he contends that the eighteen (18) month sentence he received from the Eastern District of Virginia on August 4, 1995 is ambiguous regarding whether it should run concurrently or consecutively to his underlying felony convictions.

Pursuant to LR PL P 83.09, the Court referred Boyd's petition to United States Magistrate Judge John S. Kaull for an initial review and report and recommendation ("R&R"). After the Magistrate Judge determined that summary dismissal was not warranted, on May 8, 2008, the respondent, Joe Driver ("Driver"), filed a motion to dismiss to which he attached copies of Boyd's Judgment and Commitment Orders ("J&C") for all his prior convictions and argued that the J&C for the 1995 Virginia conviction is not ambiguous in

its intent to run Boyd's sentence consecutively to his earlier sentences. Alternatively, Driver also argued that Boyd has not exhausted his administrative remedies in this case.

On December 22, 2008, Magistrate Judge Kaull issued a Report and Recommendation ("R&R") recommending that Driver's motion to dismiss be granted, that Boyd's 2241 petition be denied, and that the case be dismissed with prejudice. On December 12, 2008, Boyd filed timely objections to the R&R, which the Court now reviews de novo. See 28 U.S.C. § 636(b)(1).

## I. BACKGROUND

Boyd is currently serving several consecutive felony sentences. He was originally sentenced in 1992 by the Superior Court in the District of Columbia to 2 to 6 years of incarceration for assault with a deadly weapon. Exhibit A, dkt. no. 10. While serving that sentence, he was convicted by a jury in 1994 of two counts of armed robbery and two counts of possession of a firearm during a crime of violence. Exhibit B, dkt. no. 10. In that case, the Superior Court of the District of Columbia sentenced him to 5 to 15 years on each count, but grouped the counts together, so that one of the armed robbery counts and one of the possession of a firearm counts ran concurrently, and the other two counts also ran concurrently. Id. Those two groups, however, were ordered to run

2

consecutively to each other. Id. Thus, Boyd received a total indeterminate sentence of 10 to 30 years for these four charges. When combined with his original 1992 indeterminate sentence of 2 to 6 years, his total indeterminate sentence was 12 to 36 years.

Following that, on August 4, 1995, Boyd was sentenced in the Eastern District of Virginia to 18 months of incarceration for possessing a shank while in prison. In the J&C for that sentence, the district court stated that the 18 month sentence should run consecutively to "any sentence now being served or heretofore imposed." In his § 2241 petition, Boyd argues that he was only serving one of his prior 5 to 15 year sentences at the time, and thus, although the 18 month sentence should run consecutive to the 5 to 15 year sentence he was serving at the time, it should be concurrent with the other 5 to 15 year sentence. This contention is meritless.

## II. ANALYSIS

In the R&R, Magistrate Judge Kaull first addressed Driver's exhaustion argument, and recommended that the requirement, which may be judicially imposed on claims arising in a 2241 petition, be waived in this case in the interest of judicial economy. Neither Boyd nor Driver objects to that recommendation, and the Court agrees that waiver of that requirement is appropriate in this case.

3

The Magistrate Judge then reviewed the BOP's calculation of Boyd's sentence and concluded that the language in the 1995 Virginia J&C, which states that the 18 month sentence is to run consecutively to "any sentence now being served or heretofore imposed," is not ambiguous, and that the BOP correctly determined that the sentence in that case should run consecutively to Boyd's other sentences that were already imposed at that time.

In reaching this conclusion, Magistrate Judge Kaull noted that, had the language merely stated that the sentence was to run concurrently to "any sentence currently being served," it might be ambiguous. Because the J&C also specified that the sentence run consecutively to any sentence "heretofore imposed," however, there is no ambiguity.

Boyd objected to the Magistrate Judge's findings on two grounds. First he claims that he was not convicted on September 24, 1994 for armed robbery, but rather that his sentence was "reconstructed" on that date. Although the Court is unclear as to what Boyd means by "reconstructed," it appears from the J&C in that case that, on September 27, 1994, rather than September 24, 1994, Boyd was adjudged guilty, following a jury verdict, and sentenced as described in the R&R. Exhibit B, dkt. no. 10. Accordingly, the Court finds that Boyd's objection on this ground does not present

an issue of fact or law that changes or in any way undermines the Magistrate Judge's recommendation on the substantive issue in this case.

In his second objection, Boyd simply argues that the statement in the Virginia J&C was clearly ambiguous as to whether the sentence should run consecutively to all his other sentences. He additionally questions the Magistrate Judge's statement that, had the J&C merely stated that the sentence was to run consecutively to "any sentence currently being served," it may have been ambiguous. Boyd apparently misunderstands the Magistrate Judge's point, however, because he argues that there is no difference between the word "currently" as used by the Magistrate Judge in his example, and the word "now," used by the Virginia district court in the 1995 J&C.

The Magistrate Judge, however, was not implying that the word "currently" would be ambiguous but the word "now" is not; rather he was pointing out that, in his arguments to this Court, Boyd ignores the full text of the J&C, which states "any sentence now being served <u>or heretofore imposed</u>." Because all of Boyd's underlying sentences were imposed before the 1995 Virginia J&C issued, the district court clearly intended to run the 18 month sentence consecutively to all of those other sentences. Accordingly, the

5

Court agrees with the Magistrate Judge's conclusion, and finds that the BOP has correctly calculated Boyd's sentence.

### III. CONCLUSION

The Court therefore **ADOPTS** the R&R in its entirety (dkt. no. 16), **GRANTS** Driver's Motion to Dismiss (dkt. no. 9), **DENIES** Boyd's § 2241 petition, and **DISMISSES** the case **WITH PREJUDICE** from the Court's docket.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, by certified mail, return receipt requested.

DATED: February 4, 2009.

                                    /s/ Irene M. Keeley
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE